# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERNESTINE ALSTON,**

        **Plaintiff,**

**v.**                                      **Case No:  6:17-cv-1723-Orl-31DCI**

**SUMMIT RECEIVABLES,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 19)** |
| **FILED:** | **February 19, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR COSTS OF THE ACTION AND ATTORNEY'S FEES (Doc. 20)** |
| **FILED:** | **February 19, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. | |

## I.    Background

    This case stems from Defendant's attempt to collect a consumer debt that Plaintiff incurred from a personal loan she obtained from a third-party lender, Mobiloans.  Doc. 7 at ¶¶ 21-22.

Plaintiff alleged that Defendant operated a debt collection agency in Nevada and, sometime during 2017, Defendant began calling Plaintiff in an effort to collect the alleged debt. *Id.* at ¶¶ 7-8, 13, 23. However, Defendant never sent Plaintiff an "initial collection letter" regarding the alleged debt. *Id.* at ¶ 34. Plaintiff spoke with several of Defendant's agents, who, on one occasion, "insinuated legal action would be taken against Plaintiff." *Id.* at ¶¶ 25-26. Defendant's agents also left voicemail on Plaintiff's phone "insinuat[ing] legal action would be taken against Plaintiff." *Id.* at ¶¶ 27-28. Defendant has not taken any legal action against Plaintiff. *Id.* at ¶¶ 29-30. Plaintiff repeatedly requested that Defendant stop calling her, but Defendant continued to call Plaintiff in an effort to collect the alleged debt. *Id.* at ¶¶ 31-33. Eventually, Plaintiff paid Defendant $50.00 towards the alleged debt, but Defendant informed her that the payment would not be applied toward the debt. *Id.* at ¶ 35.

Plaintiff filed the operative complaint against Defendant asserting the following claims: Count I – violation of the of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d, 1692d(5), 1692e(5), 1692e(10), 1692f(1), and 1692g(a); Count II – violation of the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes § 559.72(7); and Count III – violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). Doc. 7 at 6-9 (the Complaint).

Plaintiff filed a return of service, in which the process server averred that he served Defendant by serving Defendant's registered agent on October 12, 2017. Doc. 9. Defendant did not timely respond to the Complaint. Thus, Plaintiff moved for default against Defendant, Doc. 10, and, on November 8, 2017, the Clerk entered default against Defendant. Doc. 11.

Plaintiff now moves for entry of default judgment on Counts I and II of the Complaint. Doc. 19 (the Motion).[1]  Plaintiff argues that the allegations in the Complaint demonstrate that she is entitled to default judgment against Defendant on Counts I and II of the Complaint.  *Id*. at ¶¶ 5-8.  Plaintiff requests the following relief: 1) $50.00 in actual damages pursuant to 15 U.S.C. § 1692k and Florida Statutes § 559.77; 2) $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); 3) $1,000.00 in statutory damages pursuant to Florida Statutes § 559.77; and 4) an award of her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Florida Statutes § 559.77.  *Id*. at ¶¶ 9-12.[2]  Plaintiff filed a separate motion quantifying her attorney fees and costs.  Doc. 20 (the Motion for Fees).

## II.     Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

---

[1] Plaintiff states that she is not seeking default judgment on Count III of the Complaint.  Doc. 19 at 1 n.1.

[2] Plaintiff sought the same relief with respect to Counts I and II in her Complaint.  Doc. 7 at 6-8.

adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in their motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

obligation to assure that there is a legitimate basis for any damage award it enters[.]” *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff’s claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed “when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages.” *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 (“a hearing is not necessary if sufficient evidence is submitted to support the request for damages”).

## III.  Analysis

### A.  Subject Matter Jurisdiction

Plaintiff asserts a federal claim and state law claim against Defendant. Doc. 7 at 6-8. Thus, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff’s state law claim pursuant to 28 U.S.C. § 1367(a).

### B.  Personal Jurisdiction

Plaintiff alleged that the Court has personal jurisdiction over Defendant, a limited liability company located in Nevada, because Defendant “does or transacts business within [Florida], and a material portion of the events at issue occurred in [Florida].” Doc. 7 at ¶ 7.

The Court engages in a two-part analysis to determine whether it has personal jurisdiction over a nonresident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.

1996).  First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction.  *Id*.  If the state long-arm statute provides a basis for personal jurisdiction, then the Court must determine "whether sufficient minimum contacts exist between the defendant[ ] and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment."  *Id*. (internal quotation omitted).

Plaintiff alleged that she is a resident of Florida and that Defendant is a foreign limited liability company conducting business in Florida.  Doc. 7 at ¶¶ 7-8, 13-14.  Plaintiff also alleged that Defendant placed numerous improper calls to her phones in an effort to collect a consumer debt in violation of the FDCPA and FCCPA.  *Id*. at ¶¶ 23, 25, 27, 31-33.  These allegations are sufficient to establish that the Court has specific jurisdiction over Defendant pursuant to the conducting-business and tortious-act provisions of Florida's long-arm statute.  Fla. Stat. § 48.193(1)(a)(1)-(2).  These allegations are also sufficient to establish that Defendant has sufficient minimum contacts with Florida.  *See Thomas v. Arm WNY, LLC*, Case No. 3:14-cv-360-J-39MCR, 2014 WL 6871654, at *4 (M.D. Fla. Dec. 3, 2014) (finding that phone calls to Florida resident that allegedly violated the FDCPA were enough to establish minimum contacts with Florida) (citing *Myrick v. Distribution & Acquisition Network*, Case No. 8:09-cv-1391-T-33TBM, 2010 WL 2179112, at *2 (M.D. Fla. Apr. 28, 2010), *report and recommendation adopted*, 2010 WL 2179128 (M.D. Fla. June 1, 2010).  Further, the undersigned finds that Florida's interest in resolving this dispute, Plaintiff's interest in litigating this dispute in Florida, and the Court's interest in resolving this case in the state where the improper calls were received establish that exercising jurisdiction over Defendant would not violate notions of fair play and substantial justice.  *See id*. at *5 (finding that exercising jurisdiction over nonresident debt collector who made calls to Florida resident that

violated the FDCPA would not violate notions of fair play and substantial justice).  Therefore, the undersigned finds that the Court has personal jurisdiction over Defendant.

### C.  Default

Plaintiff served Defendant's registered agent on October 12, 2017.  Doc. 9 at 2.  This was proper service on a corporation under Florida law.  Fla. Stat. § 48.081(3)(a).  Thus, Defendant had 21 days from the date of service to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendant did not timely respond to the Complaint and, as a result, is in default.  Therefore, the undersigned finds that the Clerk properly entered default against Defendant.

### D.  FDCPA

Plaintiff argues that the allegations in the Complaint establish that Defendant violated several provisions of the FDCPA.  Doc. 19 at ¶¶ 5-6.  The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors[.]"  15 U.S.C. § 1692(e).  A plaintiff asserting a FDCPA claim must prove that: 1) he has been the object of collection activity arising from a consumer debt; 2) the defendant is a debt collector as defined by the statute; and 3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Helman v. Bank of America*, 685 F. App'x 723, 726 (11th Cir. 2017).

With respect to the first element of a FDCPA claim, Plaintiff alleged that the debt Defendant has attempted to collect stems from a personal loan Plaintiff obtained from a third-party lender, Mobiloans.  Doc. 7 at ¶¶ 21-23.  These allegations sufficiently establish that Plaintiff is a "consumer" as defined under the FDCPA, 15 U.S.C. § 1692a(3) (stating that a "consumer" is "natural person obligated or allegedly obligated to pay any debt"), and that Defendant's collection activity relates to a consumer "debt" as defined under the FDCPA, *id*. at § 1692a(5) (stating that a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a

transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]").  Thus, accepting the foregoing allegations as true, the undersigned finds that Plaintiff has sufficiently established the first element of her FDCPA claim.

With respect to the second element of a FDCPA claim, Plaintiff alleged that the principal purpose of Defendant's business is to collect debts allegedly owed to third parties, and that Defendant regularly attempts to collect debts owed to third parties by contacting and communicating with debtors through the mail and by telephone.  Doc. 7 at ¶¶ 17-19.  These allegations sufficiently establish that Defendant is a "debt collector" as defined under the FDCPA. 15 U.S.C. § 1692a(6) (stating that a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").  Thus, accepting the foregoing allegations as true, the undersigned finds that Plaintiff has sufficiently established the second element of her FDCPA claim.

Finally, with respect to the third element of a FDCPA claim, Plaintiff argues that Defendant violated §§ 1692d, 1692d(5), 1692e(5), 1692e(10), 1692f(1), and 1692g(a) of the FDCPA.  Doc. 19 at ¶ 6.  The violation of any one of the foregoing provisions is sufficient to satisfy the third element of a FDCPA claim and, thus, sufficient to establish Defendant's liability.  *Rivera v. Amalgamated Debt Collection Servs., Inc.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (noting that "a single violation of the [FDCPA] is sufficient to establish civil liability").

### 1. 15 U.S.C. § 1692d and § 1692d(5)

Plaintiff argues that Defendant violated § 1692d and § 1692d(5) of the FDCPA "when [it] continued to place collection calls to Plaintiff after Plaintiff requested Defendant [to] stop calling her[.]"  Doc. 19 at ¶¶ 6a, 6b.

The relevant portions of § 1692d state:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).  The Eleventh Circuit has explained that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

Plaintiff alleged that Defendant caused her "telephone to ring repeatedly and continuously . . . after [she] requested Defendant to stop calling her[.]"  Doc. 7 at ¶¶ 31-33, 50b.  The undersigned finds that these allegations, accepted as true, are sufficient to establish that Defendant engaged in conduct intended to annoy, abuse, or harass Plaintiff.  Thus, Plaintiff's allegations are sufficient to establish that Defendant violated § 1692d(5) and violated the general prohibition set forth in § 1692d.

### 2. 15 U.S.C. § 1692e(5) and § 1692e(10)

Plaintiff argues that Defendant violated § 1692e(5) of the FDCPA "when Defendant threatened to take legal action against Plaintiff and Defendant did not intend to take such action[.]"

Doc. 19 at ¶ 6c.  Similarly, Plaintiff argues that Defendant violated § 1692e(10) of the FDCPA

"when Defendant threatened legal action against Plaintiff."  *Id*. at ¶ 6d.

> The relevant portions of § 1692e state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> . . .

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

> . . .

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(5), (10).  "A threat to pursue legal action violates this section unless the debt

collector has a particularized intention to sue a particular debtor."  *Thomas*, 2014 WL 6871654, at

*6 (internal quotation omitted) (citing *Malowney v. Bush/Ross*, Case No. 8:09-cv-1189-T-30TGW,

2009 WL 3806161, at *5 (M.D. Fla. Nov. 12, 2009)).

Plaintiff alleged that Defendant "insinuated" that it would take legal action if she did not

pay the alleged debt, but Defendant has taken no legal action against Plaintiff.  Doc. 7 at ¶¶ 26,

28-30.  The undersigned finds that these allegations, accepted as true, are sufficient to establish

that Defendant violated § 1692e(5) and § 1692e(10).  *See Thomas*, 2014 WL 6871654, at *6

(finding that plaintiff's allegations that defendant's "implied . . . willingness to pursue legal action"

against plaintiff and subsequent failure to bring suit against him were sufficient to establish that

the defendant violated § 1692e(5)).

### 3.   15 U.S.C. § 1692f(1)

Plaintiff argues that Defendant violated § 1692f(1) of the FDCPA.  Doc. 19 at ¶ 6e.

Plaintiff, however, fails to point to the specific conduct that violated § 1692f(1).  *Id.*

The relevant portions of § 1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1). Thus, "[a] debt collector violates 15 U.S.C. § 1692f(1) when he collects a

fee that is not authorized by state law or the agreement creating the debt." *Malowney*, 2009 WL

3806161, at *6.

Plaintiff alleged that Defendant violated § 1692f(1) by engaging in conduct that violated §

1692d, § 1692d(5), § 1692e(5), and §1692e(10).  Doc. 7 at ¶ 50e.  "[A] claim of a violation of

Section 1692f is deficient if it does not identify any misconduct beyond that which Plaintiffs assert

violate other provisions of the FDCPA." *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d

1322, 1330 (S.D. Fla. 2009) (internal quotations omitted).  Thus, Plaintiff's reliance on

Defendant's violations of other provisions of the FDCPA is insufficient to establish that Defendant

violated § 1692f(1).  *Id.*  Further, Plaintiff has pointed to no other allegations or evidence that

Defendant attempted to collect an amount that was not "authorized by the agreement creating the

debt or permitted by law."  *See* Doc. 19 at ¶ 6e.  Instead, Plaintiff's allegations suggest that the

debt Defendant was attempting to collect was authorized by the agreement she entered into with

Mobiloans. *See* Doc. 7 at ¶¶ 21-23.  Thus, the undersigned finds that Plaintiff has failed to state a

claim that Defendant violated § 1692f(1).  *See Townsend v. Quantum3 Grp., LLC*, 535 B.R. 415,

426-27 (M.D. Fla. 2015) (dismissing claim that defendant violated § 1692f(1) because plaintiff failed to alleged that defendant attempted to collect any amount that was not authorized by the agreement creating the debt or permitted by law).

### 4.  15 U.S.C. § 1692g(a)

Plaintiff argues that Defendant violated § 1692g(a) of the FDCPA "by failing to send Plaintiff a written notice of [her] debt containing the information in 1692g(1)-(5)."  Doc. 19 at ¶ 6f.

The relevant portions of § 1692g states:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Thus, a debt collector is required to send a written notice to the debtor containing the following information within five days of first communicating with the debtor.  *Id*. The failure to do so constitutes a violation of § 1692g(a).

Plaintiff alleged that "Defendant failed to send [her] an initial collection letter regarding the alleged debt." Doc. 7 at ¶ 34. The undersigned finds that this allegation, accepted as true, is sufficient to establish that Defendant violated § 1692g(a). *See Thomas*, 2014 WL 6871654, at *7 (finding that plaintiff's allegation that he did not receive the written notice required by § 1692g(a) was sufficient to establish that the defendant violated § 1692g(a)).

### E. FCCPA

Plaintiff argues that Defendant violated section 559.72(7) of the FCCPA "when [it] continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her." Doc. 19 at ¶ 7a.

The relevant section of the FCCPA states:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7). "[T]here is no bright-line rule for determining whether a communication is abusive or harassing in nature; rather, to violate the FCCPA, the behavior must be evaluated as a whole under the circumstances." *Ortega v. Collectors Training Inst. of Illinois, Inc.*, 2010 WL 11505559, at *6 (S.D. Fla. Mar. 31, 2010) (citing *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977)).

Plaintiff alleged that Defendant "insinuated" that it would take legal action against her if she did not pay the alleged debt and continued to call her in an attempt to collect the alleged debt after she requested Defendant stop calling her. Doc. 7 at ¶¶ 26, 28, 31-33. The undersigned notes that while Plaintiff does not expressly discuss Defendant's insinuation of legal action with respect to Plaintiff's claim that Defendant "engage[d] in other conduct which can reasonably be expected

to abuse or harass the debtor" in violation section 559.72(7), the undersigned has nevertheless considered those allegations in determining whether Plaintiff has sufficiently alleged that Defendant violated section 559.72(7).  *See Ortega*, 2010 WL 11505559, at *6 (evaluating defendant's behavior as a whole in determining whether it violated the FCCPA).  In doing so, the undersigned finds that the allegations, accepted as true, are sufficient to establish that Defendant engaged in conduct that could reasonably be expected to abuse or harass Plaintiff.  Thus, Plaintiff's allegations are sufficient to establish that Defendant violated section 559.72(7).

### F.  Damages

Plaintiff seeks an award $50.00 in actual damages and $1,000.00 in statutory damages under the FDCPA and FCCPA, for a total award of $2,050.00 in damages.  Doc. 19 at ¶¶ 9-11.

The FDCPA and FCCPA permit recovery of actual damages sustained by the plaintiff as a result of the defendant's failure to comply with the FDCPA and FCCPA.  15 U.S.C. § 1692k(a)(1); Fla. Stat. § 559.77(2).  The FDCPA and FCCPA also permit recovery of statutory damages in addition to any actual damages.  15 U.S.C. § 1692k(a)(2)(A); Fla. Stat. § 559.77(2).  A court may award a maximum amount of $1,000.00 in statutory damages per action, rather than per violation, for violations brought under the FDCPA and the FCCPA.  *Id.*; *see Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).  The court considers the following nonexclusive factors in determining the amount to award in statutory damages: 1) the frequency and persistence of the noncompliance by the debt collector; 2) the nature of the debt collector's noncompliance; and 3) the extent to which the debt collector's noncompliance was intentional.  15 U.S.C. § 1692k(b)(1); Fla. Stat. § 559.77(2).

### 1.   Actual Damages

Plaintiff seeks $50.00 in actual damages.  Doc. 19 at ¶ 9.  However, Plaintiff does not explain why she is entitled to an award of $50.00 in actual damages.  *See id.*  The lack of explanation could be cause to deny Plaintiff's request for actual damages, but, in this case, the allegations in the Complaint reveal that Plaintiff is seeking to recover the $50.00 she paid Defendant to pay down her alleged debt.  *Id.* at ¶ 35.

Plaintiff alleged that she paid Defendant $50.00 toward her alleged debt but Defendant later informed her that the payment would not be applied toward her alleged debt.  *Id.*  Plaintiff now seeks to recover the full amount she paid to Defendant due to its violations of the FDCPA. Doc. 19 at ¶ 9.  A number of courts have found that payments made due to a debt collector's violations of the FDCPA are recoverable as actual damages under the FDCPA.  *Alonso v. Blackstone Fin. Grp. LLC*, 962 F. Supp. 2d 1188, 1197-98 (E.D. Cal. 2013); *Abby v. Paige*, 2013 WL 141145, at *9 (S.D. Fla. Jan. 11, 2013); *Hamid v. Stock & Grimes, LLP*, 876 F. Supp. 2d 500, 503 (E.D. Pa. 2012).  The undersigned finds these cases persuasive.

Plaintiff does not expressly argue that she made the payment as a result of Defendant's violations of the FDCPA.  S*ee* Doc. 19.  Nevertheless, a fair reading of Plaintiff's allegations concerning Defendant's attempt to collect the alleged debt, such as its implicit threat of legal action and the calls it placed to Plaintiff after she demanded Defendant stop calling her, are sufficient to conclude that Plaintiff made the payment (which was allegedly not applied towards the alleged debt) due to the tactics Defendant employed in order to collect the alleged debt.  Thus, the

undersigned finds that Plaintiff is entitled to an award of $50.00 in actual damages under the FDCPA.[4]

### 2.   Statutory Damages

Plaintiff seeks $1,000.00 in statutory damages under the FDCPA and an additional $1,000.00 in statutory damages under the FCCPA.  Doc. 19 at ¶¶ 10-11.  However, Plaintiff does not explain why she is entitled to the maximum amount of statutory damages under both the FDCPA and FCCPA.  *See id*.  The lack of explanation could be cause to deny Plaintiff's request for statutory damages, but, in this case, there is sufficient information before the Court to determine if statutory damages are warranted and, if so, the amount of the statutory damages that should be awarded.

Plaintiff alleged that Defendant called her an unspecified number of times in an effort to collect the alleged debt and that she demanded that Defendant stop calling her but Defendant continued placing calls.  Doc. 7 at ¶¶ 23, 25, 27, 31-33.  Plaintiff also alleged that Defendant "insinuated" that it would take legal action against Plaintiff if she did not pay the alleged debt.  *Id*. at ¶¶ 26, 28.  The undersigned finds that Plaintiff is entitled to an award of statutory damages based on these allegation but she is not entitled to the maximum amount.  A maximum award of statutory damages is reserved for the most egregious cases.  *See Johnson v. Critical Resolution Mediation LLC*, Case No. 3:16-cv-632-J-34MCR, 2017 WL 2590007, at *6 (M.D. Fla. Apr. 24, 2017) (finding that plaintiff was entitled to $1,000.00 in statutory damages under FDCPA where defendant "made multiple, persistent phone calls" to collect a debt, and "asked Plaintiff to reveal sensitive confidential information without disclosing its identity or the nature of the calls despite

---

[4] There is no need to address Plaintiff's request for actual damages under the FCCPA given Plaintiff's entitlement to her actual damages under the FDCPA.

being requested to do so, told Plaintiff that she had committed a crime by not repaying her alleged debt, and threatened to show up (or have law enforcement show up) at Plaintiff's residential address.") *report and recommendation adopted*, 2017 WL 2578705 (M.D. Fla. June 14, 2017). This case is distinguishable from cases, like *Johnson*, where the court awarded the maximum statutory award, because there is nothing in the record demonstrating the frequency with which Defendant violated the FDCPA or FCCPA.   Defendant's conduct was certainly intended to intimidate Plaintiff into paying the alleged debt, but the lack of any evidence establishing the frequency with which Defendant violated the FDCPA and FCCPA undermines Plaintiff's request for the maximum statutory amount.   Thus, on this record, the undersigned finds that Plaintiff is entitled to $750.00 in statutory damages under both the FDCPA and FCCPA, for a total of $1,500.00 in statutory damages.  *See Lane v. Accredited Collection Agency Inc.*, Case No. 6:13-cv-530-Orl-18GJK, 2014 WL 1685677, at *7 (M.D. Fla. Apr. 28, 2014) (finding that plaintiff was entitled to $750.00 in statutory damages under FDCPA where defendant called plaintiff at her place of employment an unspecified number of times, falsely threatened to have plaintiff arrested, contacted one of plaintiff's co-workers, and left two voicemail messages with plaintiff at work that failed to identify defendant as a debt collector).

### G.  Attorney fees and Costs

Plaintiff seeks an award of attorney fees and costs totaling $4,410.00.  Doc. 20 at 6.  The FDCPA and FCCPA permit the prevailing party to recover her reasonable attorney fees and costs. 15 U.S.C. § 1692k(a)(3); Fla. Stat. § 559.77(2).  Plaintiff is a prevailing party and, thus, is entitled to an award of her reasonable attorney fees and costs.

### 1.  Attorney Fees

Plaintiff seeks a total of $3,940.00 in attorney fees.  Doc. 20 at 6.

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010).

Plaintiff provided the following information concerning the time her counsel and paralegal spent on this case and their requested hourly rates:

| Attorney/Paralegal | Hours | Requested Hourly Rate |
|---|---|---|
| Shireen Hormozdi, Esq. | 0.5 | $400.00 |
| Michael S. Agruss, Esq. | 8.4 | $400.00 |
| Jacqueline Laino | 3.8 | $100.00 |
| | **Total:** | **$3,940.00** |

Doc. 20 at 5. Plaintiff provided a timesheet and affidavits from Ms. Hormozdi and Mr. Agruss in support her request for attorney fees. *Id*. at 8-11, 13-17, 19-20. Ms. Hormozdi and Mr. Agruss each averred that they have practiced law for approximately 15 years and that they have focused part of their practice on consumer litigation. *Id*. at 13-14, 19. Further, Ms. Hormozdi and Mr. Agruss each averred that an hourly rate of $400.00 "is consistent with the regional average hourly rate as reported in [the] United States Consumer Law Attorney Fee Survey Report." *Id*. at 16, 20 (citing https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf). Mr. Agruss also averred that Ms. Laino has worked as a paralegal in his law firm since 2015. *Id*. at 16.[5] Plaintiff argues that in light of the foregoing evidence the requested rates are consistent with

---

[5] There is no evidence that Ms. Laino worked as a paralegal prior to joining Mr. Agruss's law firm. *See* Doc. 20.

those charged by other attorneys and paralegals "in the community" with "comparable experience, skill, and reputation."  *Id*. at 5.

A review of the timesheet attached to the Motion for Fees demonstrates that Plaintiff's counsel and paralegal spent a reasonable amount of time prosecuting this case.  The same is not true with respect to the requested hourly rates, which, as discussed below, are unreasonable under the circumstances of this case.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience.  *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[6]  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work."  *Norman*, 836 F.2d at 1299

---

[6] The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

(citations omitted).  Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates.  *Id*.

The evidence Plaintiff relies on to establish the reasonableness of the requested hourly rates is not persuasive.  First, Plaintiff relies on her counsel's affidavits, which, standing alone, are not satisfactory evidence of the prevailing hourly rates in this District.  *Norman*, 836 F.2d at 1299.  Second, courts in this District have repeatedly found that the survey Plaintiff's counsel relies on is not persuasive for purposes of determining a reasonable hourly rate.  *See, e.g.*, *Raimondi v. Zakheim & Lavrar, P.A.*, Case No. 6:11-cv-480-Orl-31DAB, 2012 WL 1382255, at *6 (M.D. Fla. Apr. 5, 2012) (finding that plaintiff's reliance on United States Consumer Law Attorney Fee Survey Report unpersuasive) *report and recommendation adopted*, 2012 WL 1382221 (M.D. Fla. Apr. 20, 2012).  The undersigned finds *Raimondi* and the cases it relies upon persuasive because it does not appear that the rates contained in the survey represent rates that courts in a particular area have found to be reasonable, but, instead, are generated based on voluntary responses from attorneys in particular geographical areas.  *See United States Consumer Law Attorney Fee Survey Report 2015-2016*,  p. 11-13,  https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf).  Thus, while the survey may be considered in determining a reasonable hourly rate, the undersigned finds Plaintiff's reliance on the survey unpersuasive because she has not pointed to any cases in this District awarding the rates contained in the survey.

This was a straight forward FDCPA and FCCPA case.  A review of similar cases throughout this District reveals that courts award between $100.00 and $350.00 per hour for attorneys and between $95.00 and $100.00 per hour for paralegals.  *See, e.g.*, *Castro v. Capital One Servs., LLC*, Case No. 8:16-cv-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017) (finding that a reasonable hourly rate for attorneys in FDCPA and FCCPA cases ranged

between $100.00 and $300.00) *report and recommendation adopted*, 2018 WL 276126 (M.D. Fla.

Jan. 2, 2018); *Hering v. Halsted Fin. Servs., LLC*, Case No. 8:17-cv-1439-T-33MAP, 2017 WL

4355626, at *6 (M.D. Fla. Oct. 2, 2017) (finding that a reasonable hourly rate for attorneys in

FDCPA and FCCPA case was $250.00 for associate attorney and $350.00 for managing partner);

*Johnson*, 2017 WL 2590007, at *7 (noting that a reasonable hourly rate for a paralegal in FDCPA

cases ranged between $95.00 and $100.00) (citing *Thomas*, 2014 WL 6871654, at *9).  Plaintiff's

counsel and paralegal are not entitled to a rate at the higher end of the spectrum.  Specifically, the

issues in this case were neither novel nor difficult and, while counsel has considerable experience,

no exceptional experience or skill was required in this case.[7]  There is no evidence that the case

was undesirable, nor that counsel was precluded from other employment due to the pendency of

this action.  Further, this case is being resolved on default judgment with Plaintiff receiving fewer

damages than she requested.  Thus, based on the foregoing factors and the undersigned's own

experience, the undersigned finds that an hourly rate of $300.00 for counsel and $95.00 for the

paralegal is reasonable under the circumstances of this case.

Therefore, the undersigned finds that Plaintiff is entitled to recover a total of $3,031.00 in

attorney fees.

### 2. Costs.

Plaintiff seeks to recover $400.00 for the filing fee and $70.00 for service of process.  Doc.

20 at 4.  These costs are recoverable pursuant to 28 U.S.C. § 1920.  *See, e.g.*, *Montgomery v. Fla.*

*First Fin. Group, Inc.*, Case No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, *15 (M.D. Fla.

---

[7] This is particularly evident given the fact that Plaintiff essentially copied the allegations from the Complaint into the Motion without providing additional argument or authority explaining how the allegations in the Complaint were sufficient to establish that Defendant violated the FDCPA and FCCPA.  *Compare* Doc. 7 at ¶¶ 21-35 *with* Doc. 19 at ¶¶ 5-7.

Aug. 12, 2008) (finding that recovery of costs under 15 U.S.C. § 1692k(a)(3) is limited to those costs allowed under 28 U.S.C. § 1920).  Thus, the undersigned must determine whether the amounts Plaintiff seeks are reasonable.

The amount Plaintiff requests for the filing fee is reasonable, but the amount she requests for service of process is unreasonable.  Plaintiff employed a private process server to serve Defendant.  Doc. 9 at 2. "Private process server fees may be taxed pursuant to §§ 1920(1) and 1921 as long as they do not exceed the statutory fees authorized in § 1921." *Access for the Disabled, Inc. v. Missouri Mart, Inc.*, Case No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *4 (M.D. Fla. Dec. 7, 2006) (quotations omitted) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).  The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114. Defendant was served after October 30, 2013 (Doc. 9), at which time the U.S. Marshals Service was authorized to collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3) (2013).  Plaintiff provides no evidence that service took longer than an hour, or that that the process server incurred travel costs or other out-of-pocket expenses in connection with serving Defendant.  *See* Docs. 9; 20.  Thus, absent such evidence, the undersigned finds that Plaintiff is only entitled to recover $65.00 for serving Defendant.  *See Countryman Nevada, LLC, v. Adams*, Case No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *9 (M.D. Fla. Feb. 11, 2015) (reducing plaintiff's request for service of process to $65.00 due to the lack of evidence that service took longer than an hour or the process server incurred travel costs or other out-of-pocket expenses in connection with serving defendant).

Therefore, the undersigned finds that Plaintiff is entitled to recover a total of $465.00 in costs.

**IV.      Conclusion**

Accordingly, it is **RECOMMENDED** that:

1.   The Motion (Doc. 19) be **GRANTED in part** as follows:

    a.   The Court enter default judgment on Counts I[8] and II of the Complaint in Plaintiff's favor and against Defendant;

    b.   The Court award Plaintiff a total of $50.00 in actual damages; and

    c.   The Court award Plaintiff a total of $1,500.00 in statutory damages;

2.   The Motion (Doc. 19) be **DENIED** in all other respects;

3.   The Motion for Fees (Doc. 20) be **GRANTED in part** as follows:

    a.   The Court award Plaintiff $3,031.00 in attorney fees; and

    b.   The Court award Plaintiff $465.00 in costs;

4.   The Motion for fees (Doc. 20) be **DENIED** in all other respects; and

5.   The Clerk be directed to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[8] The undersigned found that Plaintiff failed to state a claim that Defendant violated § 1692f(1). *See supra* pp. 11-12. This finding, however, does not prohibit default judgment on Count I of the Complaint since a single violation of the FDCPA, which Plaintiff has established, is sufficient to establish liability under Count I of the Complaint. *Rivera*, 462 F. Supp. 2d at 1227.

Recommended in Orlando, Florida on June 27, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy